**UNITED STATES BANKRUPTY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In RE: | CASE NO.: 22-10968 |
| **JASON C. ADAMS,** | SECTION: "A" |
| DEBTOR | CHAPTER 7 |

**BRETT LIRETTE and
DIANA LIRETTE KING**

Plaintiffs

VS                                                                                          ADVERSARY NO.: 22-01028

**JASON C. ADAMS,**

    Defendant

## MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM

NOW INTO COURT, through undersigned counsel, come Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING, who respectfully file this Motion for Summary Judgment seeking an Order finding that that Debtor/Defendant, JASON C. ADAMS, is not entitled to a discharge under 11 U.S.C. Section 523(a)(9) for the claims of Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING.

In support of this Motion for Summary Judgment, Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING, respectfully represent the following:

1

## SUMMARY OF ARGUMENT

Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING, have brought a civil action against Debtor/Defendant, JASON C. ADAMS, for the death of their daughter, Kristi Lirette, arising out of the May 4, 2016, crash. JASON C. ADAMS was driving a 2015 Lamborghini Huracan vehicle on Tchoupitoulas Street. Kristi Lirette was a guest passenger in the 2015 Lamborghini Huracan vehicle. JASON C. ADAMS left the roadway and struck the concrete floodwall in a one vehicle crash. Kristi Lirette was killed in the crash. There is no dispute as to these facts.

JASON C. ADAMS was driving at a high rate of speed on Tchoupitoulas and was under the influence of alcohol with a blood alcohol level of .11 when the crash occurred killing Kristi Lirette. JASON C. ADAMS admitted to these facts and pled guilty to the crime of vehicular homicide. JASON C. ADAMS is not entitled to the discharge from the claims of the Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING, as the personal injuries and death of Kristi Lirette were caused by JASON C. ADAM's operation of a motor vehicle and his operation of the vehicle was unlawful as he was intoxicated from the use of alcohol. 11 U.S.C. Section 523(a)(9).

## UNDISPUTED FACTS

1. JASON C. ADAMS filed for Chapter 7 relief on August 26, 2022, in the United States Bankruptcy Court.[1]

2. BRETT LIRETTE and DIANA LIRETTE KING were listed as creditors.[2]

3. BRETT LIRETTE and DIANA LIRETTE KING are the father and mother of Kristi Lirette.[3]

4. The claims of BRETT LIRETTE and DIANA LIRETTE KING are for their compensatory and punitive damages arising from the death of their daughter, Kristi Lirette.[4]

5 On May 4, 2016, JASON C. ADAMS was driving a 2015 Lamborghini Huracan vehicle on Tchoupitoulas Street in New Orleans, Louisiana.[5]

6 On May 4, 2016, Kristi Lirette was a guest passenger in the 2015 Lamborghini vehicle driven by JASON C. ADAMS.[6]

7. On May 4, 2016, JASON C. ADAMS crashed the 2015 Lamborghini vehicle into the flood wall.[7]

8. Krist Lirette was killed in the crash.[8]

---

[1] Case No. 22-10698, ECF-1.
[2] Case No. 22-10968, ECF-1.
[3] Exhibit 6, Petitions for Damages.
[4] Exhibit ^, Petitions for Damages. Claim No. 10 filed April 13, 2023, with attached Trial Judgment.
[5] Exhibit 1.
[6] Exhibit 1.
[7] Exhibit 1.
[8] Exhibit 1.

9. JASON C. ADAMS drove the 2015 Lamborghini vehicle at a high rate of speed on Tchoupitoulas Street.[9]

10. JASON C. ADAMS drank alcoholic beverages prior to driving the 2015 Lamborghini vehicle and the May 4, 2016, crash.[10]

11. JASON C. ADAMS pled guilty to the crime of vehicular homicide.[11]

12. The crime of vehicular homicide required the killing of a person caused directly by the operation of a motor vehicle when his blood alcohol level was .08 percent or more and was a contributing factor.[12]

13. The operation of the 2015 Lamborghini vehicle by JASON C. ADAMS was illegal due to his being intoxicated from alcohol at the time of the crime.[13]

**LEGAL ANAYLSIS**

A. Summary Judgment is Appropriate in the Instant Denial of Discharge Case

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule Civil Procedure 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

---

[9] Exhibit 1.
[10] Exhibits 1, 5.
[11] Exhibits 1,2, 3.
[12] Exhibit 1.
[13] Exhibit 1.

A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Federal Rule Civil Procedure 56.

Bankruptcy Rule 7056 applies Rule 56(c) of the Federal Rules of Civil Procedure to adversary proceedings. If summary judgment is appropriate, the Court may resolve the case as a matter of law. C*elotex Corp.*, 477 U.S. at 323; *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir. 1994).

B. Denial of Discharge Under 11 U.S.C. Section 523(a) (9) is Appropriate

Section 523(a) provides that a "discharge under section 727, . . . of this title does not discharge an individual debtor form any debt - (9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, or drug, or another substance."

There is no and can be no dispute that JASON C. ADAMS was driving the 2015 Lamborghini Huracan vehicle at the time of the May 4, 2016, crash. There is also no dispute that Kristi Lirette was a guest passenger in the 2015 Lamborghini Huracan vehicle at the time of the

May 4, 2016, crash. There is also no dispute that Kristi Lirette was killed in the May 4, 2016, crash.

Therefore, the only remaining issues are whether the death of Kristi Lirette was caused by the operation of 2015 Lamborghini Huracan vehicle by JASON C. ADAMS and whether his operation of the vehicle was unlawful because he was intoxicated from using alcohol.

These remaining issues are clearly admitted to by JASON C. ADAMS in his sworn testimony to the Court (Exhibit 1) and in his Felony Waiver of Constitutional Rights Plea of Guilty Form (Exhibit 2). JASON C. ADAMS was sworn in and admitted that he read, understood, and signed the Felony Waiver of Constitutional Rights Plea of Guilty Form. (Exhibit 1, page 5, lines 5-15). He acknowledged and admitted that he drove a vehicle near the intersection of Tchoupitoulas and Felicity, at which time, at a high rate of speed, he crashed that vehicle into a flood wall killing his passenger, Kristi Lirette, and that he was under the influence of alcohol at the time with a blood alcohol level of .11. (Exhibit 1, pages 5-6, lines 21-32, 1-12).

JASON C. ADAMS testified under oath that he pled guilty to the crime of vehicular homicide because he was guilty of this crime. (Exhibit 1, page 9, lines 27-30). The crime of vehicular homicide is the killing of a human being caused proximately or caused directly by an offender engaged in the operation of a motor vehicle whenever the condition of a blood alcohol concentration of .08 percent or more is present and this condition was a contributing factor to the killing. (Exhibit 1, pages 7-8, lines 19-32, 1-3).

JASON C. ADAMS has acknowledged his guilty plea to the crime of vehicular homicide (Deposition of Jason Adams, Volume II, pages 28-31 – Exhibit 3). JASON C. ADAMS has

testified that he told Judge Pittman the truth and did not lie in his testimony before the Court. (Deposition of Jason Adams, Volume I, pages 115-116 – Exhibit 4).

Even his own offered toxicology expert, Jimmy Valentine, has testified that JASON C. ADAMS was under the influence of alcohol and intoxicated at the time of the subject crash and that his intoxication affected his ability to drive on the night of the May 4, 2016, crash. (Video trial deposition of Jimmy Valentine, pages 120-122 – Exhibit 5).

There are no genuine issues of material fact. The sworn testimony of JASON C. ADAMS and the other supporting testimony and documents satisfy the requirements of 11 U.S.C. Section 523(a)(9). Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING, respectfully request that Debtor/Defendant, JASON C. ADAMS, is not entitled to a discharge under 11 U.S.C. Section 523(a)(9) for the awarded compensatory and punitive damages of their claims. *Cohen v. DeLaCruz*, 523 U.S. 213 (La. 1995).

WHEREFORE, Creditors, BRETT LIRETTE and DIANA LIRETTE KING, respectfully prays this Honorable Court enter summary judgment denying the discharge of Debtor/Defendant, JASON C. ADAMS, for their claims under 11 U.S.C. Section 523(a)(9).

        RESPECTFULLY SUBMITTED:

        BY ATTORNEYS:

        **DUDLEY DEBOSIER INJURY LAWYERS**

        /s/Adras Paul LaBorde, III
        **ADRAS PAUL LABORDE, III**( BAR #21580)
        1075 Government Street
        Baton Rouge, LA 70802
        Telephone:  (225) 478-4122
        Email: plaborde@dudleydebosier.com
        *Counsel for Creditors/Plaintiffs, Brett Lirette and Diana King*

**UNITED STATES BANKRUPTY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In RE:** | **CASE NO.:  22-10968** |
| **JASON C. ADAMS,** | **SECTION:  "A"** |
| **DEBTOR** | **CHAPTER 7** |

---

| | |
|---|---|
| **BRETT LIRETTE and** <br> **DIANA LIRETTE KING** | |
| **Plaintiffs** | |
| **VS** | **ADVERSARY NO.:  22-01028** |
| **JASON C. ADAMS,** | |
| **Defendant** | |

---

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 24th of October, 2023, a copy of the Motion for Summary Judgment and Incorporated Memorandum was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by email to all parties including counsel for the Debtor/Defendant, Leo M. Prange, III, on behalf of Debtor/Defendant, Jason C. Adams, prangelaw@gmail.com, via this Court's CM/ECF notification system. Parties may access this filing through the Court's CM/ECF System.

/s/ Adras Paul LaBorde III <br>
Adras Paul LaBorde, III
