UNITED STATES BANKRUPTY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In RE: | CASE NO.: 22-10968 |
| JASON C. ADAMS, | SECTION: "A" |
| DEBTOR | CHAPTER 7 |

| | |
|---|---|
| BRETT LIRETTE and<br>DIANA LIRETTE KING | |
| Plaintiffs | |
| VS | ADVERSARY NO.: 22-01028 |
| JASON C. ADAMS, | |
| Defendant | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, come Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING, who respectfully file this Reply Memorandum in Support of Motion for Summary Judgment and in response to the Opposition Memorandum filed by Debtor/Defendant, JASON C. ADAMS.

Debtor/Defendant, JASON C. ADAMS, completely ignores his own sworn testimony in stating there remains an unresolved genuine issue of material fact as to whether his blood alcohol level was over the legal limit of .08. JASON ADAMS cannot be allowed to take contrary positions when it benefits him to do so. He testified that he was telling the truth when he admitted to the

1

facts of the crash, his blood alcohol level, and the cause of the crash to the Court in the criminal proceedings. He also had hired and had the benefit of Jimmie Valentine, Ph.D., his toxicology expert, during the criminal proceedings. He voluntarily and knowingly pleaded guilty to the crime of vehicular homicide.

Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING, remind this Court again that Jimmie Valentine, Ph.D. was the expert hired by JASON C. ADAMS. His own expert has testified that JASON ADAMS was under the influence of alcohol at the time of the crash and that his intoxication level was affecting his driving performance. Dr. Valentine has also testified that his blood alcohol level was .11 after the crash. (See also the State Crime Lab report, Exhibit 6 [which was attached to the Trial Deposition of Jimme Valentine, Ph.D. as Exhibit D]).

Debtor/Defendant, JASON C. ADAMS, cannot simply ignore his own sworn testimony pertaining to his blood alcohol level and his intoxication being a cause of the subject crash and now state that there is some issue as to what his blood alcohol level was. JASON ADAMS states that he will be prejudiced by such a ruling in this Motion for Summary Judgment. However, he was one who admitted to his blood alcohol level being .11. Furthermore, JASON ADAMS has produced no evidence to this Court that his blood alcohol level was lower than .11 at the time of the subject crash.

Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING, have submitted sworn testimony and documentation supporting their Motion for Summary Judgment. Given such, the burden has shifted to JASON ADAMS; and he has not produced any evidence to contradict his own sworn testimony and to show that his blood alcohol level was below the legal limit. JASON ADAMS cannot defeat this Motion for Summary Judgment by trying to create a genuine issue of

material fact when none exists and by taking a self-serving and speculative position contrary to his sworn testimony.

WHEREFORE, Creditors/Plaintiffs, BRETT LIRETTE and DIANA LIRETTE KING, respectfully pray this Honorable Court enter summary judgment denying the discharge of Debtor/Defendant, JASON C. ADAMS, for their claims under 11 U.S.C. Section 523(a)(9).

RESPECTFULLY SUBMITTED:

BY ATTORNEYS:

**DUDLEY DEBOSIER INJURY LAWYERS**

/s/Adras Paul LaBorde, III
**ADRAS PAUL LABORDE, III( BAR #21580)**
1075 Government Street
Baton Rouge, LA 70802
Telephone: (225) 379-4928
Email: plaborde@dudleydebosier.com
*Counsel for Creditors/Plaintiffs, Brett Lirette and Diana King*